## CULLINS v. STATE OF INDIANA.

[No. 27,415.   Filed November 25, 1940.]

*George C. Uhlir,* of Kokomo, for appellant.

*Samuel D. Jackson,* Attorney General, and *George B. Davis,* Deputy Attorney General, for the State.

TREMAIN, J.—The appellant was prosecuted upon an affidavit charging third degree burglary.   Upon arrest he entered a plea of not guilty, which was afterwards withdrawn, and a motion to quash was filed and over-ruled.   He then filed a plea in abatement to which a demurrer was sustained.   The cause was submitted to a jury for trial upon the defendant's plea of not guilty. The jury returned a verdict, finding defendant guilty as charged.   A motion for a new trial was overruled and judgment was rendered upon the verdict.   This appeal was perfected.

The appellant assigns three "errors relied upon for reversal":   (1) "The verdict of the jury is not sus-

tained by sufficient evidence;" (2) "The verdict of the jury is contrary to law;" and (3) "Misconduct of the jury." The three grounds relied upon are assigned as the third, fourth, and fifth reasons respectively for a new trial.

In the preparation of his brief the appellant has failed wholly to comply with the sixth clause of Rule 18 of this court. Under "Propositions and Authorities" the brief does not contain "a copy of each assigned error relied on designated by number as in the original assignment of error." The causes relied upon are not numbered as in the motion for a new trial. The assignments are not supported by separately numbered propositions, supported by points and authorities.

That part of appellant's brief is as follows:

"Propositions, Points and Authorities.
    "The Crime Charged in the Affidavit.
        "Point 1."

Here he quotes the statute under which he was prosecuted. "Point 2" is a discussion of the charge contained in the affidavit. "Point 3" discusses the elements constituting petit larceny. "Point 4" quotes an abstract proposition of law as announced by a decision of this court. Following "Point 5" is: "The Evidence in the Record." After a recital of what the appellant conceives the evidence to be, he continues in consecutive order 21 "Points" in which he discusses the evidence and misconduct of the jury, and none of which is applied to a proposition stated. No proposition is stated. No attempt is made to comply with the rule.

Although the appellant has not presented a question for decision, nevertheless, the court has read the entire

record, which is short, and is unable to discover any error committed by the trial court. The evidence sustains the verdict and judgment.

Judgment is affirmed.

NOTE.—Reported in 29 N. E. (2d) 201.